ALFREDO SCHMIDT and MARÍA CRIADO, Plaintiffs and Appellees, *v.* ALFREDO, FRANK and ADALINA O'SHEAF-COLÓN, Defendants and Appellants.

No. 3886. Argued June 4, 1926.—Decided July 13, 1926.

*Arjona & Arjona* for the appellants. *R. Pérez Marchand* for the appellees.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Plaintiffs brought suit against Alfredo, Frank and Ada-

lina O'Sheaf y Colón as the heirs of Alaida O'Sheaf y Colón to compel the execution of an instrument of cancellation and discharge of mortgage and for damages.

On April 5, 1924, Alfredo and Adalina O'Sheaf y Colón appeared by their attorney, Angel Fiol Negrón, and demurred to the complaint for want of facts sufficient to constitute a cause of action as against such defendants.

Later the following motion was filed:

"Now comes the undersigned attorney, Angel Fiol Negrón, before the Honorable Court in the above entitled case, and respectfully submits: 1. That the undersigned attorney subscribed and filed on April 5, 1924, a demurrer in this case, in representation of the above named defendants, Alfredo and Adelina O'Sheaf y Colón.—2. That the undersigned attorney was authorized to appear only in the name of the defendant Alfredo and of the girl Emma Teen y O'Sheaf, who, together with the other defendants, form the Succession of Alaida O'Sheaf.—3. That due to an involuntary error it appears from the demurrer that the undersigned attorney entered such appearance on behalf of Alfredo and Adalina O'Sheaf y Colón, when in fact he meant to appear in the name of Alfredo and Emma Teen y O'Sheaf only.—4. That the undersigned attorney never received instructions, either verbal or oral or in any other way, from Adalina O'Sheaf to appear in her name in the above entitled case, nor in any other case.—5. That the said Emma Teen y O'Sheaf not being a defendant in the case above referred to, the undersigned attorney could only appear in the name of Alfredo O'Sheaf y Colón, the only person who has authorized such representation. FOR THE FOREGOING REASONS, I pray this Honorable Court that the demurrer filed by this attorney be considered as if presented only by defendant Alfredo O'Sheaf y Colón, and that the other defendant, Adalina O'Sheaf y Colón, be deemed not to have appeared in this case, that is, as if she had never filed the demurrer, inasmuch as her appearance was due to an involuntary error of the undersigned attorney, as stated in this motion. Respectfully submitted. (Signed) Angel Fiol Negrón, Attorney for Alfredo O'Sheaf."

On February 21, 1925, the secretary, at the instance of counsel for plaintiffs, noted the default of Frank and Adalina O'Sheaf.

On March 13, 1925, the case came on to be heard, plaintiffs introduced their evidence and on March 20th judgment was rendered against the defendants Frank and Adalina O'Sheaf in accordance with the prayer of the complaint. On August 17, 1925, Adalina O'Sheaf through her attorney Angel Fiol Negrón moved to set aside the judgment and to re-open the case upon the ground that the said defendant had entrusted her case to Fiol who had appeared on her behalf and demurred on April 5, 1924; that the motion of February 17, 1925, was filed through inadvertence; that her said attorney had not been instructed to abandon the case and that defendant believed that she was being represented by him; that notice of the judgment was received by defendant upon reading an advertisement for the sale of defendant's interest in certain real estate in Salinas; that defendant had a good defense on the merits, as shown by the evidence for plaintiffs in support of the complaint wherein there was nothing to show that the acts of Frank O'Sheaf could affect the personal and individual rights of defendant; that the judgment against defendant had been obtained through surprise, inadvertence and excusable neglect; that defendant had stated the facts of her case fully and fairly to her attorney; that he had informed her that she had a good and sufficient defense to the action on its merits, which both he and she believed in good faith to be true.

A so-called affidavit of merit reads as follows:

"I, Angel Fiol Negrón, of age, married, lawyer and a resident of Ponce, Porto Rico, UNDER OATH DO DECLARE: 1. That my name, age, civil status, profession and residence are as above stated. 2. That this action was brought before this court in order to obtain the execution of a certain deed and recovery of certain damages. 3. That defendant Adalina O'Sheaf y Colón conferred upon me her representation in this matter, and that I appeared on the fifth of April, 1924, presenting a demurrer to the complaint in the name of said defendant. 4. That on February 18, 1925, a motion was filed by me in this court stating that I did not appear in the name of

Adalina O'Sheaf y Colón, and that I did it only in the name of Alfredo O'Sheaf y Colón, another defendant in this proceeding. 5. That said motion was presented through inadvertence by me, inasmuch as I had received no instructions from the said defendant to abandon her case, and upon presenting that motion I acted under a false impression, as I meant to inform the court that I did not appear as attorney for Frank O'Sheaf y Colón, and not that I was not the attorney for Adalina O'Sheaf y Colón. Ponce, P. R., August 17, 1925. Angel Fiol Negrón, Affiant.''

Defendant appeals from an order overruling the motion last above mentioned and submits that—

''FIRST ERROR: The court erred in imputing to appellant herein responsibility for the action of attorney Angel Fiol Negrón, because of his motion stating that he did not appear in the name of the defendant and appellant.

''SECOND ERROR: The court erred in ignoring the appearance of the defendant and appellant in the demurrer which she had filed, basing such action upon a personal motion of defendant's attorney, made without notice to such defendant and in the absence of any ruling or order upon such motion with notice thereof to defendant.

''THIRD ERROR: The court erred in finding that there was no surprise, inadvertence and excusable neglect in this case, at the time of rendering judgment against the defendant and appellant.

''FOURTH ERROR: The court erred in not granting the request of the defendant and appellant, refusing to open the default which had been entered against her, and refusing to exempt her from the effects of the judgment in default that was entered against her.''

We do not find that the court below imputed to defendant any responsibility for the statements made by Angel Fiol Negrón in February, 1924, or that the court ignored the appearance made and demurrer filed by defendant. The argument assumes that defendant appeared and demurred.

But there is no evidence whatever to support this premise except the pleading itself over the signature of an attorney who subsequently says that he was never authorized to file the same and makes it perfectly clear that he was not and had never been the attorney for defendant. In accepting these statements as true, the district judge imputed no

responsibility to defendant, for if there be any truth in such assertions the relation of attorney and client never existed. In any event an attorney in so far as his client is concerned has as much right to withdraw a demurrer as he has to file it. And the court, where the rights of other parties are not involved and the circumstances are not such as to arouse suspicion, does not err in recognizing this right.

The fact that the attorney in the instant case later stated under oath that the motion filed in February was inadvertent does not seem to have impressed the district judge nor, in the absence of anything more definite in the way of explanation as to how the mistake occurred, are we persuaded that the court below underestimated the importance of this sworn statement. It does not even appear that the pleading filed on February 18th was not prepared as well as signed by the attorney in person. If so prepared the wording thereof could not have been inadvertent for the writing is too elaborate, too specific and too tautological in detail to have been typed, dictated, or even read with an abiding impression that Frank O'Sheaf was referred to in every instance where the name of Adalina O'Sheaf appears. Moreover, counsel had never appeared or demurred on behalf of Frank O'Sheaf. In so far as the record discloses, counsel had never represented and had never been suspected of representing that defendant. There was therefore no occasion for denying such representative capacity and therefore no excuse for any intention to say or for any belief on the part of counsel that counsel had said that he had never been authorized to represent the said Frank O'Sheaf and for want of such authorization was desirous of withdrawing the pleading filed as counsel for the said Frank O'Sheaf.

The affidavit of merits does not show that the defendant has a good defense on the merits. It does not even verify the unsworn statement to that effect contained in the motion.

The evidence adduced at the trial is not before us. The motion was unaccompanied by any proposed pleading. No explanation is offered as to why the affidavit of merits was not made by defendant in person.

Defendant seems to have been represented by another attorney at the time the motion was submitted to the consideration of the court below. Even then an additional affidavit might have been filed. Otherwise in the exceptional circumstances of this particular case perhaps the rules ordinarily governing matters of this kind might have been said to be inapplicable to such an anomalous situation. But defendant having had this opportunity to make a stronger showing than was made in the court below and in the absence of such showing we are unable to say that the district judge erred in overruling the motion.

The order appealed from must be affirmed.